IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ ESTHER CLAUDIO GONZÁLEZ,<br><br>Plaintiff<br><br>v.<br><br>SCOTIABANK DE PUERTO RICO, INC., TROY K. WRIGHT in his personal capacity and as co-administrator of his Conjugal Legal Partnership with Wilma Woe; WILMA WOE as co-administrator of her Conjugal Legal Partnership with Troy Wright; JOHN AND JANE DOE<br><br>Defendants | CIVIL NO.: 12-              (     )<br><br>AGE DISCRIMINATION; UNJUST DISMISSAL; DAMAGES |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, Luz Esther Claudio González (hereafter referred to as "Claudio"), through the undersigned attorneys, and very respectfully states and prays as follows:

**I.     NATURE OF THE ACTION AND JURISDICTION**

1.1     This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. § 601 *et seq.* and Puerto Rico's Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, seeking compensatory, double and liquidated damages, back pay, and equitable and injunctive relief to seek redress for defendants' discrimination on the basis of age against Claudio.   In the alternative, Claudio seeks relief for her unjust dismissal under Law No. 80 of May 30, 1976.

1.2     This Honorable Court has jurisdiction to entertain this action pursuant to Section 7 of the ADEA, 29 U.S.C. § 626 (c) (1), and under 28 U.S.C. §§ 1331 and 1343(a)(4). Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. 1367(a) to hear the Commonwealth of Puerto Rico law claims because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1.3     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the defendant resides in Puerto Rico and all the discriminatory employment practices alleged herein were committed within the judicial district comprising the Commonwealth of Puerto Rico.

1.4     A timely charge of employment discrimination on the basis of age discrimination was filed with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). After conciliation efforts failed, a Notice of Right to Sue from the EEOC was issued on November 23, 2011 and received thereafter by Claudio. *See*, Exhibit 1.

1.5     The instant Complaint and Demand for Jury Trial is being filed within ninety (90) days of receipt by Claudio of the EEOC's Notice of Right to Sue.

1.6     Plaintiff demands that all causes of action be tried before a jury.

**II. PARTIES**

2.1     Claudio is citizen of the United States and resident of Caguas, Puerto Rico.

2.2     Claudio commenced working for RG Mortgage, Inc. ("RG") on January 13, 1986. Claudio was hired as a "Loan Officer" and performed as such at all times while employed by RG.

2.3     Claudio is 64 years of age.

2.4     At all relevant times, Claudio was an **employee** under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631 (a).

2.5     Scotiabank de Puerto Rico (hereinafter referred to as "Scotiabank" or the "Bank") is, and at all times hereinafter mentioned was, a corporation duly created under the laws of and with its principal place of business in the Commonwealth of Puerto Rico.

2.6     Scotiabank is a for profit corporation registered with the Commonwealth of Puerto Rico Department of State under domestic corporation #19-311.

2.7     Scotiabank is dedicated to the banking business.

2.8     At all times relevant herein, Scotiabank has been Claudio's employer.

2.9     Scotiabank is a "person" within the meaning of 29 U.S.C. § 630(a).

2.10    Scotiabank is an "employer" under the ADEA, 29 U.S.C. § 630(b).

2.11    Scotiabank is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630 (h).

2.12    Scotiabank employs more than twenty (20) employees on a daily basis as the term is defined in 29 U.S.C. § 630 (b).

2.13    Troy Wright (hereafter referred to as "Wright") is Scotiabank's President and Chief Executive officer.   He is being sued in his capacity as employer under Puerto Rico Law No. 100. Wright is married to Wilma Woe, whose identity is currently unknown, and upon information and belief, together they constitute a Conjugal Legal Partnership. Wright and Woe are sued in their capacity as co-administrators of their Conjugal Legal Partnership.

2.14    John and Jane Doe are individuals whose identity is currently unknown, and who participated in the discriminatory practices against Claudio and are "employers" under Law No. 100 of June 30, 1959.

2.15    Scotiabank, Jane and John Doe are "employers" under Puerto Rico Law No. 100.

2.16    Scotiabank is an employer under Law No. 80 of May 30, 1976.

**III. THE FACTS**

    3.1    Claudio repeats and realleges each and every preceding allegation as if fully set herein.

    3.2    Claudio commenced working as a Loan officer for RG on January 13, 1986.

    3.3    During her employment with RG Claudio satisfactorily performed her job responsibilities.

    3.4    Claudio met RG's expectations and goals, and was routinely commended for her work. Her personnel record at RG reflected her employer's satisfaction.

    3.5    Claudio was not reprimanded for any failure or deficiency in the performance of her job.

    3.6    During the year 2009, The Federal Deposit Insurance Corporation ("FDIC") took over RG in order to liquidate RG's operations.

    3.7    Up to that point and throughout the FDIC's administration of RG, Claudio formed part of the New Housing Loan Processing Group composed of:

        (a)    Lourdes Colón ("Colón") – Manager;

        (b)    Margot Pacheco ("Pacheco");

        (c)    Maricarmen León ("León");

        (d)    Wanda Sostre ("Sostre"); and

        (e)    Claudio.

    3.8    This group was, in turn, supervised by Ms. María Gatti, the Manager of the Loan Processing Department at R-G.

    3.9    Pacheco, León, Sostre and Claudio all performed the same, if not identical, duties as loan officers for RG in the New Housing Group.

3.10    Pacheco, León and Sostre are substantially younger than Claudio.

3.11    Of these 4 loan officers, Claudio was the oldest and the one with the second highest seniority at the R-G New Housing Loan Processing Center.

3.12    Only Pacheco had more seniority than Claudio.

3.13    On or about April 30, 2011 it became public that Scotiabank de Puerto Rico was buying R-G from the FDIC.

3.14    On May 2, 2011, codefendant Wright summoned some of Scotiabank's and all former RG employees to the Caribe Hilton and met with them on behalf of Scotiabank.

3.15    During that meeting Wright assured all RG employees that their jobs were "safe"; guaranteed their continuation in their employment; that no changes would take place; and that the process would be transparent.

3.16    Nineteen days later, on May 21, 2011, Claudio was informed by Gatti and Colón that "Scotiabank had not accepted her" and had to leave the premises, effective immediately.

3.17    From May 2 through May 21, 2011, when Claudio was terminated, she continued to perform the same duties as loan officer; using the same desk and equipment she had used at RG; supervised by Colón; and next to Pacheco, Sostre and León.

3.18    Pacheco, León and Sostre were "accepted" by Scotiabank and continued performing the same duties they had been performing for RG and the FDIC.

3.19    Upon information and belief, as of today, *Pacheco*, has continued to perform her duties as a loan officer and as an employee of Scotiabank.

3.20    Upon information and belief, as of today, *León*, has continued to perform her duties as a loan officer and as an employee of Scotiabank.

3.21    Upon information and belief, as of today, *Sostre*, has continued to perform her

duties as a loan officer and as an employee of Scotiabank.

3.22    From May 2 through May 21, 2011 was the only period during which Claudio's relationship with Scotiabank was "without change" and "transparent", as promised by Wright and Scotiabank at the Caribe Hilton.

3.23    As a result of the transaction with the FDIC, Scotiabank became the "employer" of RG's employees for purposes of the ADEA, Law No. 100 and Law No. 80.

3.24    In the alternative, Scotiabank did not become the "employer" of former R-G employees for purposes of the ADEA and Laws No. 100 and No.80 until it made the decision to hire most of them.

3.25    Scotiabank retained Claudio and all of RG's former employees after its acquisition from the FDIC.

3.26    In the alternative, Scotiabank hired most of RG's former employees after its acquisition from the FDIC.

3.27    Scotiabank did not retain Claudio as loan officer after its acquisition from the FDIC.

3.28    If Scotiabank retained Claudio after its acquisition of RG from the FDIC, then Scotiabank fired Claudio on May 21, 2012.

3.29    If Scotiabank did not retain RG's former employees, it did not rehire Claudio.

3.30    Regardless of whether Scotiabank fired and/or failed to hire Claudio, its decision was based on unlawful and/or discriminatory considerations on the basis of age.

3.31    Scotiabank knew or should have known that its decision regarding Claudio's employment, effective May 21, 2011, violated Claudio's federally protected rights.

3.32    Scotiabank acted in callous disregard of and with deliberate indifference to

Claudio's rights under the ADEA.

3.33     Scotiabank's decision to deliberately and callously disregard Claudio's right to be free from age discrimination in her employment constitutes a willful violation of the ADEA.

3.34     Prior to Scotiabank's unlawful termination of and/or failure to hire Claudio because of age, she was earning a yearly salary of approximately $31,500.00.

3.35     As a proximate result of Scotiabank's unlawful conduct, Claudio suffered devastating economic, emotional and physical damages.

3.36     Claudio has been emotionally injured as a result of defendant's unlawful conduct, including but not limited to: (1) feelings of worthlessness after having fended for herself throughout her life; (2) depression, bouts of anxiety and panic attacks; (3) constant sadness and crying; (4) insomnia; (5) a drastic deterioration in her social well-being, standard of living; and (6) loss of enjoyment of life.

3.37     As a proximate result of defendant's unlawful conduct and the adverse impact on her emotional well-being Claudio has suffered and continues to suffer physical damages attributable to the discriminatory conduct by defendants.

3.38     As a proximate result of defendants' unlawful conduct, Claudio has suffered and continues to suffer losses, including but not limited to: (1) continued loss of income in the approximate monthly amount of $2,625.00 since May 22, 2010 to the present; (2) loss of benefits, including salary increases, health plan, retirement plan contributions; social security benefits differential for having to receive benefits at an earlier date than her planned retirement date; (3) foreclosure of her property; (4) repossession of her automobile; (5) incapacity to pay for father's funeral expenses; (6) having to depend on family's charity and government aid for her sustenance; (7) inability to secure counsel for bankruptcy protection due to lack of funds to retain attorney; and

others.

3.39    Defendants are liable to plaintiffs for all damages caused as a result of their discrimination and retaliation against Claudio.

3.40    Scotiabank's actions and omissions constitute a willful violation of the ADEA. Claudio is entitled to liquidated damages equal to twice all back pay to which she is entitled.

## IV. FIRST CAUSE OF ACTION
### (Age Discrimination)

4.1    Claudio repeats and incorporates each and every preceding allegation as if fully set herein.

4.2    Scotiabank's conduct in failing to retain and/or failure to hire was motivated by age considerations in violation of Claudio's rights under ADEA.

4.3    Scotiabank is liable to Claudio for back pay had she not been deprived of employment because of her age. As a result of Scotiabank's discriminatory conduct, Claudio is entitled to injunctive relief for Scotiabank to reinstate her and cease and desist of any further discriminatory conduct against Claudio.

## V. SECOND CAUSE OF ACTION
### (Willful Violation under the ADEA)

5.1    Claudio repeats and incorporates each and every preceding allegation as if fully set herein.

5.2    Scotiabank's discriminatory practices against Claudio were malicious and/or carried with reckless indifference towards Claudio's rights protected under federal law.

5.3    Defendant's discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof Scotiabank is liable to Claudio for liquidated damages equal to twice the amount of Claudio's backpay.

## VI. THIRD CAUSE OF ACTION
### (Age Discrimination under Law No. 100)

6.1     Claudio repeats and incorporates each and every allegation as if fully set herein.

6.2     Scotiabank's, Wright's Jane and John Doe's conduct constitutes discrimination on the basis of age under Law No. 100.

6.3     Defendants are jointly liable to Claudio for double the damages proximately caused to Claudio as a result of their discrimination against her on the basis of age.

## VII. FOURTH CAUSE OF ACTION
### (Unjust Dismissal under Law No. 80)

7.1     Claudio repeats and realleges each and every preceding allegation as of fully set herein.

7.2     If Scotiabank failed to retain Claudio, it violated Law No. 80 and Claudio is entitled to indemnification equal to, approximately, $_____, plus costs ad attorneys fees.

7.3     Scotiabank is liable for these amounts.

## VIII. FIFTH CAUSE OF ACTION
### (Attorneys Fees and Prejudgment Interest)

8.1     Claudio repeats and incorporates each and every preceding allegation as if fully set herein.

8.2     Scotiabank is liable to Claudio for attorneys fees under ADEA, 29 U.S.C. § 216 (b) and under Laws No. 100 and 80, and prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure as to her backpay award.

**WHEREFORE**, all premises considered, Claudio prays that judgment be entered in her favor and against Scotiabank, including the following relief:

a. An order directing defendant to reinstate Claudio and to cease and desist of any further discriminatory conduct on the basis of age against her,

b. Loss of income, together with interest, for the period Claudio has been deprived of her salary, at the monthly rate of $2,625.00;

c. Lost benefits, both past and future;

d. Compensatory damages in an amount not less than $1,000,000.00;

e. An award of liquidated damages equal to twice the back pay and fringe benefits lost by Claudio;

f. An award of double compensatory damages pursuant to P.R. Law No. 100;

g. Indemnification pursuant to Law No. 80 in the amount of $_____, plus costs and attorneys fees.

h. An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements;

i. Prejudgment interests as to her backpay award;

j. An income tax differential for any amount to be paid by Claudio in excess of her usual personal income tax rate as a result of compensation for lost income and/or front pay received as relief for defendants' discriminatory conduct; and

k. Any other remedies which this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of February, 2012.

| | |
|---|---|
| **GONZÁLEZ MUÑOZ LAW OFFICES, P.S.C.** | **LAW OFFICE OF CARLOS VERGNE** |
| P.O. Box 9024055 | 24 Mariana Bracetti St., 2nd Floor |
| San Juan, PR 00902-4055 | San Juan, PR 00918 |
| Tel. (787) 766-5052 | Tel. (787) 753-3799 |
| Fax (787) 766-5551 | Fax (787) 759-8429 |
| e-mail: polonorteprlaw@gmail.com | e-mail: carlosvergne@aol.com |
| jrgmlaw@gmail.com | |
| | |
| *s/Juan Rafael González Muñoz* | *s/Carlos M. Vergne Vargas* |
| JUAN RAFAEL GONZÁLEZ MUÑOZ | CARLOS M. VERGNE |
| USDCPR No. 202312 | USDCPR No. 209611 |